UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BARRON BROWN,

        Plaintiff,                  Case No. 2:14-cv-2451
v.                                      CHIEF JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Elizabeth Preston Deavers

GARY MOHR, et. al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants Gary Mohr and Charlotte Jenkins, Warden of the Chillicothe Correctional Institution ("Defendants") Motion for Judgment on the Pleadings (Doc. No. 7), pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Barron Brown ("Plaintiff") sought leave to proceed with this lawsuit *in forma pauperis* (Doc. No. 1) on December 1, 2014. Plaintiff's motion was granted December 3, 2014. Immediately thereafter, Plaintiff filed a Complaint (Doc. No. 3) (the "Complaint") against Defendants, Director Gary Mohr and Warden Charlotte Jenkins, of the Ohio Chillicothe Correctional Institution ("CCI"), where Plaintiff is incarcerated.

In the Complaint, Plaintiff alleges he has been exposed to dangerously high levels of friable asbestos while a prisoner at CCI for the past decade. (Complaint, at 6.) Plaintiff contends the levels of asbestos are highly toxic and that Defendants' conduct in exposing Plaintiff to the asbestos constitutes physical abuse in violation of the Eighth Amendment to the United States

1

Constitution. (*Id.* at 7.) Plaintiff further contends that Defendants' reckless, malicious and/or intentional conduct has caused Plaintiff extreme emotional distress. (*Id.* at 6-7.)

In the Complaint, Plaintiff references a previous lawsuit, filed in the Ohio Court of Claims on July 9, 2012 (the "July 9 lawsuit"). (*Id.* at 2, 5-6.) The July 9 lawsuit was filed against the Department of Rehabilitation and Correction (the "DRC"). (Doc. No. 6-2, at 4.) In the July 9 lawsuit, Plaintiff alleged that the DRC's failure to uphold a privately entered settlement agreement between itself and CCI inmates, providing for retention of an asbestos consulting firm for the purpose of remediating asbestos in several CCI housing units, had caused negligent and intentional infliction of emotional distress. (*Id.* at 1-2.) The July 9 lawsuit was dismissed on August 31, 2012, for failure to state a claim for relief. (*Id.* at 4.)

The Complaint filed in the instant action states that Defendants represented to the Plaintiff, through reports issued by an asbestos consulting firm, that the friable asbestos had been removed. However, Plaintiff contends that the asbestos is "still embedded" in the housing unit, resulting in continual harmful exposure. (*Id.* at 6.)

Defendants filed their Motion for Judgment on the Pleadings on January 23, 2015.

## II. JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 61 S. Ct. 418, 85 L.Ed. 577 (1941); 5C Wright & A. Miller, Federal Practice and Procedure (hereinafter Wright & Miller) § 1368 (3d ed).

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 697 (6th Cir. 2005). Accordingly, in reviewing a motion for judgment on the pleadings under Rule 12(c), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin–Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Meziboy v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005)).

The Sixth Circuit has stated that "[u]nder certain circumstances, ..., a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. This occurs when 'a document is referred to in the complaint and is central to the plaintiff's claim.'" *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999) (internal citation omitted). Moreover, where the plaintiff "fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." 5A Wright & Miller § 1327.

Defendants argue that because the July 9 lawsuit is referenced in the Complaint and central to Plaintiff's claims of exhaustion, it may be considered here. To that end, Defendants attached documents pertaining to the July 9 lawsuit, including the dismissal, to their Motion for Judgment on the Pleadings. (Doc. Nos. 6-1, 6-2, 6-3, 6-4, 6-5.) The Court agrees and has considered the July 9 lawsuit in its decision.

Defendants further argue that by virtue of filing the July 9 lawsuit against the DRC, Plaintiff has waived the current action. Ohio Rev. Code § 2743.02(A)(1) provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or state employee." The Sixth Circuit has interpreted this provision to mean that filing in the Court of Claims not only "results in a complete waiver of any cognate cause of action against individual state officers or employees, [but also] the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action based upon state law." *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities,* 825 F.2d 946, 951–52 (6th Cir. 1987) (en banc). As *Leaman* recognized, Ohio waives its sovereign immunity in exchange for the plaintiff giving up any cognate claims against state employees. *See id.* The Sixth Circuit has repeatedly applied *Leaman* in barring claims that were previously raised in the Court of Claims if they are based on the same act or omission. *Savage v. Gee,* 665 F.3d 732, 737–38 (6th Cir. 2012).

The Court finds that Plaintiff's claims are based on the same act or omission as the July 9 lawsuit, and, have, therefore, been waived. In the July 9 lawsuit, Plaintiff asserted he had been harmed by the DRC while incarcerated at CCI by toxic exposure to friable asbestos. Here, Plaintiff claims he is harmed by Defendants for the same act and omission to treat said asbestos. Plaintiff does not assert in his reply brief that the instant suit is based on a different act or omission. The filing of the lawsuit in the Ohio Court of Claims triggers the waiver. *See* Ohio Rev. Code § 2743.02(A)(1).

An exception to the waiver under Ohio Rev. Code § 2743.02(A)(1) is provided where "the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a

4

wanton or reckless manner." However, the Ohio Court of Claims must make such a determination, and has not done so. (*Id.*)

### III.

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings (Doc. No. 7) is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

_5-29-2015_
**DATE**

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT CHIEF
JUDGE

5